**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>            )<br>               Plaintiff,  )<br>            )<br>v.          )<br>            )<br>EDILBERTO FIGUEROA-CRUZ,    )<br>            )<br>               Defendant.  )<br>_____) | **CRIMINAL ACTION**<br><br>No. 11-10049-01-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's renewed motion for judgment of acquittal. (Doc. 62). The motion has been fully briefed and is ripe for decision. (Doc. 63). Following a jury trial, defendant was convicted on Count 2 of a superceding indictment charging possession of cocaine with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

**I.   Analysis**

Pursuant to Fed. R. Crim. P. 29(a), a defendant may move for judgment of acquittal at the end of the government's case-in-chief. Defendant did so in this case and the court orally denied the motion. Rule 29(a) provides that a defendant may then choose to rest or offer evidence. If a defendant offers evidence, as he did in this case, the court then reviews the entire record in order to determine if there was sufficient evidence for a reasonable jury to find defendant guilty. United States v. Delgado-Uribe, 363 F.3d 1077, 1083 (10th Cir. 2004). In reviewing the evidence, the court must view all evidence in the light most favorable to the government. United States

v. Swanson, 360 F.3d 1155, 1162 (10th Cir. 2004).

## Sufficiency of the Evidence

To prove that defendant possessed cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), the government must show: (1) defendant knowingly or intentionally possessed a mixture or substance containing a detectable amount of a controlled substance; (2) the controlled substance was in fact cocaine; (3) defendant possessed the mixture or substance containing a detectable amount of cocaine with the intent to distribute it; and (4) the weight of the mixture or substance containing a detectable amount of cocaine that defendant possessed was more than 500 grams.

As to the first element, the jury heard evidence from Trooper Jason Duffey that defendant was extremely nervous during the traffic stop. Trooper Duffey also testified that defendant's nervousness continued even after he told defendant that he was not going to issue him a ticket for driving while suspended.

Defendant claims that nervousness alone is insufficient evidence for the jury to conclude that defendant knew and intended to possess the cocaine. However, Trooper Duffey testified that defendant's hands were shaking violently such that he had difficultly removing his license and identity card from his wallet. Trooper Duffey asked defendant if he was ok. Defendant responded, "just nervous." Trooper Duffey asked him why he was so nervous and defendant shrugged his shoulders and responded that he did not know.

But Trooper Duffey also testified about other suspicious factors that are commonly found in cases where persons are transporting large amounts of cocaine. Trooper Duffey testified that defendant had a

-2-

cell phone in his lap and two more cell phones were in the console. Additionally, the vehicle that defendant was driving displayed an Oregon license tag and was registered to Lorenzo Ramos Oveth who resides in Portland Oregon. Neither defendant nor the passenger was the owner. Defendant had a expired California identification card and Trooper Duffey described defendant's "Mexican" driver's license as displaying a California address.

Trooper Duffey asked defendant where he and the passenger were going and defendant answered "Kansas City." When asked why they were going to Kansas City, the passenger answered to look for work. Trooper Duffey continued to ask both defendant and the passenger about their plans regarding what type of work they were looking for and where in Kansas City. The passenger responded that they were both unemployed and that they would know where to find work when they arrived in Kansas City.

Trooper Duffey issued defendant a warning ticket for driving with a suspended license. Defendant said, "thank you." As Trooper Duffey started to walk back to his patrol car, the driver's door opened and defendant got out. Defendant told Trooper Duffey that they were just switching drivers.

Based on this evidence, the jury could have inferred that defendant understood Trooper Duffey's questions.[1]

Trooper Duffey asked for and received consent to search the vehicle. Both defendant and the passenger appeared very nervous. After searching, Trooper Duffey found drugs located in the back of a

---

[1] Defendant had an interpreter at trial but this is not evidence that defendant could not adequately communicate with Trooper Duffey.

speaker box.

The court finds that there was sufficient evidence that the jury could have reasonably inferred that defendant possessed the cocaine with intent to distribute it and/or aided and abetted his co-defendant. Chemist Cynthia Wood testified that the packages found in the speaker box contained just under 750 grams of a mixture with a detectable amount of cocaine. Trooper Duffey also testified that 750 grams of cocaine is a quantity more than for personal use and typical of persons who intend to distribute the cocaine. Therefore, there was sufficient evidence as to all four elements that the jury could have found defendant guilty of the crimes charged.

## II.  Conclusion

Based on the reasons stated herein, defendant's renewed motion for judgment of acquittal (Doc. 62) is denied.

IT IS SO ORDERED.

Dated this ___4th___ day of October 2011, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
